UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAMELA M. HARRISON,

         Plaintiff,

- against -

NEW YORK CITY ADMINISTRATION FOR
CHILDREN'S SERVICES, FRANK OLTON, JOHN
PAPE, and ANTHONY DeFAZIO,

         Defendants.

02 Civ. 947 (RCC) (RLE)

MEMORANDUM
& ORDER

**RICHARD CONWAY CASEY, United States District Judge:**

Pamela M. Harrison ("Plaintiff") moves pro se for an order "to restore [this] case to [the Court's] calendar" under Rule 60 of the Federal Rules of Civil Procedure. On September 30, 2003, the Court granted Defendants' motion to dismiss Plaintiff's complaint but granted Plaintiff leave to amend her complaint to properly name the City of New York as a defendant within thirty days. Harrison v. New York City Admin. for Children's Servs., No. 02 Civ. 947 (RCC), 2003 WL 22271219, at *5 (S.D.N.Y. Sept. 30, 2003). On May 24, 2004, the Court ordered that the case be closed because Plaintiff had failed to file an amended complaint. On May 24, 2005—one year after the case was closed—Plaintiff filed this motion, claiming that she had complied with the Court's order concerning amending the complaint. No amended complaint has been filed to date. Because Plaintiff cannot show that she is entitled to relief under Rule 60, Plaintiff's motion is **DENIED**.

Rule 60(a), which allows for relief from a judgment because of a clerical mistake, is inapplicable here. Plaintiff claims that Rule 60(a) applies because either a "clerical error caused [her] amended complaint not to be properly entered" or the "documents were purposely not filed or removed by [the] court's staff member." (Plaintiff Aff. May 13, 2005.) But Rule 60(a) allows

correction only of "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission," Fed. R. Civ. P. 60(a), that is, only "to correct a judgment 'for the purpose of reflecting accurately a decision that the court actually made,'" Greenberg v. Chrust, No. 01 Civ. 10080 (RWS), 2004 WL 585823, at *2 (S.D.N.Y. Mar. 25, 2004) (quoting Hodge ex rel. Skiff v. Hodge, 269 F.3d 155, 158 (2d Cir. 2001)). Plaintiff does not claim any such clerical error here. And even if Rule 60(a) could be construed to allow a motion to correct a filing error made by the Clerk of the Court, Plaintiff offers no support for her contention that such an error was made. She merely claims that copies of the amended complaint were provided to the Court (at some unspecified time and in some unspecified manner) and that nevertheless her amended complaint was somehow never filed. (See generally Plaintiff Aff. May 13, 2005.)

Plaintiff has also failed to show that she is entitled to relief under Rule 60(b), which allows the Court to relieve a party from a final judgment or order for such party's "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), or for "any other reason justifying relief from the operation of the judgment," id. 60(b)(6). The Second Circuit has instructed that Rule 60(b) provides "extraordinary judicial relief" that may be granted "only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). For Plaintiff's motion to succeed under Rule 60(b), she must present highly convincing evidence in support of the motion, show good cause for the failure to act sooner, and show that no undue hardship will be imposed on the defendants as a result. See Kotlicky v. U.S. Fidelity Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987); Williams v. New York Ciry Dep't of Corrections, 219 F.R.D. 78, 84 (S.D.N.Y. 2003); see also State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada, 246 F. Supp. 2d 231, 248 (S.D.N.Y. 2002) (noting that the burden of demonstrating that relief is justified rests with the moving party).

Plaintiff may not rely on her pro se status or her ignorance of the filing procedures to ease this burden. See Williams, 219 F.R.D. at 85 (noting that failings attributable to a plaintiff's pro se status cannot form a basis for Rule 60(b) relief and that a plaintiff's pro se status "does not count as an exceptional circumstance"); Broadway v. City of New York, No. 96 Civ. 2798 (RPP), 2003 WL 21209635, at *3 (May 21, 2003) ("The heavy burden for securing relief from final judgments applies to pro se litigants as well as those represented by counsel."); Gil v. Vogliano, 131 F. Supp. 2d 486, 494 (S.D.N.Y. 2001) ("[P]ro se litigants are not . . . excused from the requirement that they produce 'highly convincing' evidence to support a Rule 60(b) motion."); see also Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248, 250 (2d Cir. 1997) ("[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'"). Plaintiff claims that copies of the amended complaint were provided to the Court, but does not specify how or when; she claims that then either a clerical error (of some unspecified type) or the intentional misbehavior by some unspecified member of the Court's staff caused the amended complaint not to be properly entered. (See Plaintiff Aff. May 13, 2005.) Plaintiff does not provide the Court with any support of her contentions and has therefore failed to show that she is entitled to "extraordinary judicial relief" as required by Rule 60(b).

For the foregoing reasons, Plaintiff's motion is **DENIED**.

So Ordered: New York, New York
August 22, 2005

_Richard Conway_
Richard Conway Casey, U.S.D.J.

3